# IN THE UNITED STATES BANKRUPTCY COURT FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In re:<br><br>EDSON FESSENDEN GALLAUDET, III AND JULIE ELIZABETH GALLAUDET,<br><br>Debtor. | Chapter 7 Proceeding<br>No. 21-11155-CMA |
| J. DAVID MATTER,<br><br>Plaintiff<br><br>vs.<br><br>EDSON FESSENDEN GALLAUDET, III and JULIE ELIZABETH GALLAUDET, husband and wife, and their marital community,<br><br>Defendant. | Adversary No. _____<br><br>COMPLAINT FOR DETERMINATION OF DISCHARGEABILITY PURSUANT TO 11 U.S.C. §523(a)(2) and (a)(4) |

COMES NOW Plaintiff-Creditor J. DAVID MATTER, as and for his Complaint against Defendant EDSON FESSENDEN GALLAUDET, III and JULIE ELIZABETH GALLAUDET, husband and wife, and their marital community (the "Debtor"), respectfully allege as follows:

ADVERSARY COMPLAINT – 1

## PARTIES AND JURISDICTION

1. On June 11, 2021, the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code in the United States Bankruptcy Court for the Western District of Washington at Seattle.

2. Plaintiff is a creditor in this bankruptcy proceeding and is otherwise entitled to bring this action.

3. Jurisdiction is vested in this proceeding pursuant to 28 U.S.C. § 157, 28 U.S.C. § 1334, and 11 U.S.C. § 523.

4. This proceeding is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2).

5. As of the date of this Complaint, the Debtor has not been granted a discharge.

6. This is an adversary proceeding in which the Plaintiff-Creditor is seeking a determination as to the dischargeabilty of the debt owed by Debtor to Plaintiff under 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(4).

## FACTUAL BACKGROUND/ALLEGATIONS

7. At all relevant times in this matter, Plaintiff has been a resident of Seattle, Washington. Plaintiff invested in several real estate development projects with Debtor in Washington State through several entities owned by Debtor, including an entity solely owned by Debtor know as Build Urban, LLC ("Build Urban"). Build Urban is currently in Receivership in King County Superior Court in Seattle.

8. In July 2020, Debtor proposed to Plaintiff that Build Urban transfer and relinquish its Membership interest, profit-share-interest and Manager's interest in three specific entities co-owned by Plaintiff and Build Urban in favor of Plaintiff since Plaintiff was due significant sums based on his investments in certain Build Urban-owned entities.

ADVERSARY COMPLAINT – 2

Fikso Kretschmer Smith Dixon Ormseth PS
901 Fifth Ave, Suite 4000
Seattle, WA 98164
P: (206) 448-1818 | F: (206) 448-3444

9. On or about July 24, 2020, Plaintiff and Build Urban entered into three Withdrawal and Cancellation Agreements (the "Withdrawal Agreements") in relation to three specific entities known as Peregrine Columbia River, LLC, Peregrine 1305 LLC and Peregrine 500 Lakeshore, LLC (collectively, the "Peregrine Entities"). In the Withdrawal Agreements, Build Urban agreed to relinquish and transfer to Plaintiff all of its Membership interest, profit-share-interest and Manager's interest in the three Peregrine entities. Debtor signed all three Withdrawal Agreements on behalf of Build Urban as its Manager. Build Urban was also the Manager of all three Peregrine Entities at the time of execution of the Withdrawal Agreements.

10. Each of the Withdrawal Agreements between Plaintiff and Build Urban contained schedules for known and contingent liabilities, whereby Build Urban and Plaintiff were to disclose to Plaintiff any debts or liabilities of each of the Peregrine Entities. As the Manager of Build Urban (which, in turn, was the Manager of the three Peregrine Entities) Plaintiff failed to disclose that for two of the Peregrine Entities, Build Urban and Debtor had actually encumbered the real property owned by the Peregrine Entities with debt and allowed recording of Deeds of Trust against such properties in favor of third-party creditors. In fact, Debtor and Build Urban had encumbered these properties several months before entering into the Withdrawal Agreements with Plaintiff but failed to disclose this at all relevant times.

11. Plaintiff learned of these creditors and the Deeds of Trust several months later, and had to eventually incur the expense to pay off creditor claims and Deeds of Trust on two of the three properties owned by the Peregrine Entities.

12. Debtor had knowingly failed to schedule or disclose these debts to Plaintiff in the Withdrawal Agreements or otherwise, and Plaintiff incurred not less than $220,000.00 to pay off the third-party creditors, and also incurred significant attorneys' fees and other costs expenses in doing so.

Fikso Kretschmer Smith Dixon Ormseth PS
901 Fifth Ave, Suite 4000
Seattle, WA 98164
P: (206) 448-1818 | F: (206) 448-3444

13. The actions of Debtor in knowingly failing to disclose the debts of certain Peregrine Entities was done for the benefit of the Gallaudet marital community.

**COUNT I – NON-DISCHARGEABILITY OF PLAINTIFF'S DEBT UNDER SECTION 11 U.S.C. § 523(a)(2)(A) OF THE BANKRUPTCY CODE AND RCW 19.86**

14. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 13 of this Complaint as if set forth at length herein.

15. 11 U.S.C. § 523(a)(2)(A) provides, in relevant part, that:

    (a) A discharge under section 727…of this title does not discharge an individual debtor from any debt—

    (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by –

    (A) false pretenses, a false representation or actual fraud, other than a statement respecting the debtor's or an insider's financial condition…

16. Plaintiff's claims in relation to the above-described Deeds of Trust are non-dischargeable as it is a debt for money, property, services or an extension, renewal, or refinancing of credit, that was obtained by false pretenses, a false representation, or actual fraud within the meaning of 11 U.S.C. § 523(a)(2)(A).

17. Debtor knowingly failed to disclose and schedule out the Deeds of Trust to Plaintiff when proposing and entering into the Withdrawal Agreements for the Peregrine Entities as the Manager of Build Urban.

18. The failure to disclose the Deeds of Trust and schedule them as exhibits to the applicable Withdrawal Agreements was a material misrepresentation and

1     omission by Debtor.

19. Debtor knew that Debtor's representations to Plaintiff were false and/or that Debtor was failing to disclose significant and material information about third-party creditors and contingent liabilities of the Peregrine Entities that would have been important to Plaintiff.

20. By withholding such information, Debtor intended to induce Plaintiff to rely upon the representation, lack of disclosure, and/or fraudulent concealment by Debtor.

21. Plaintiff was unaware that Debtor had failed to disclose and schedule material facts, debts and contingent liabilities, and that Debtor's representations about the actual debts and contingent liabilities owed by the Peregrine Entities was false.

22. Plaintiff relied on the truth and veracity of Debtor's representations and the liability schedules in the Withdrawal Agreements, and was justified in doing so.

23. Plaintiff was damaged by his reliance upon Debtor's representations.

## COUNT II – NON-DISCHARGEABILITY OF PLAINTIFF'S DEBT UNDER 11 U.S.C. § 523(A)(4) OF THE BANKRUTPCY CODE

24. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 23 of this Complaint as if set forth at length herein.

25. 11 U.S.C. § 523(a)(4) provides, in relevant part, that:

    (a) A discharge under section 727… of this title does not discharge an

Fikso Kretschmer Smith Dixon Ormseth PS
901 Fifth Ave, Suite 4000
Seattle, WA 98164
P: (206) 448-1818 | F: (206) 448-3444

individual debtor from any debt –

    (4)    for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny…

26. Plaintiff's claims in relation to the above-described Deeds of Trust are non-dischargeable as they resulted from fraud or defalcation by Debtor while acting in a fiduciary capacity, embezzlement, or larceny within the meaning of 11 U.S.C. § 523(a)(4).

27. Debtor acted as a fiduciary of the Plaintiff because he was the Manager of Build Urban, which was both the Manager and Member of the Peregrine Entities, and he knowingly failed to disclose and schedule the Deeds of Trust as contingent liabilities of the Peregrine Entities while acting in that capacity as manager of Build Urban and the indirect Manager of the Peregrine Entities through Build Urban.

28. Debtor had a fiduciary duty to Plaintiff when he proposed and entered into the Withdrawal Agreements to disclose and schedule the Deeds of Trust as contingent liabilities of the Peregrine Entities for Plaintiff.

29. Debtor breached his fiduciary duty to Plaintiff when he failed to disclose the Deeds of Trust as contingent liabilities of the Peregrine Entities.

30. Plaintiff's damages include the amounts Plaintiff paid to third-party creditors to pay off the Deeds of Trust that encumbered the properties owned by the Peregrine Entities, which Debtor knowingly failed to disclose despite his fiduciary obligation to do so.

Fikso Kretschmer Smith Dixon Ormseth PS
901 Fifth Ave, Suite 4000
Seattle, WA 98164
P: (206) 448-1818 | F: (206) 448-3444

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court grant the following relief:

1. A monetary judgment against Debtor in an amount to be proven at trial at interest rate of 12 percent per annum, but in an amount of no less than $220,000.00;

2. An order determining that the debts claimed by Plaintiff are nondischargeable under 11 U.S.C. §§ 523(a)(2) and 523(a)(4);

3. An order awarding Plaintiff his attorneys' fees and costs incurred herein, based on statute, contract and the Court's equitable powers; and

4. An order awarding Plaintiff such additional relief as this Court deems just and equitable.

Dated this 13th day of September, 2021.

FIKSO KRETSCHMER SMITH DIXON ORMSETH PS

/s/ John R. McDowall
John R. McDowall, WSBA #25128
Attorney for creditor J. David Matter
Fikso Kretschmer Smith Dixon Ormseth PS
901 Fifth Avenue, Suite 4000
Seattle, Washington 98164
Email:   john@fksdo.com
Phone:  (206) 448-1818
Fax:     (206) 448-3444

ADVERSARY COMPLAINT – 7

Fikso Kretschmer Smith Dixon Ormseth PS
901 Fifth Ave, Suite 4000
Seattle, WA 98164
P: (206) 448-1818 | F: (206) 448-3444

## CERTIFICATE OF SERVICE

I hereby certify that on September 13, 2021, I electronically filed the foregoing to the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorneys of record for the parties.

DATED this 13th day of September, 2021.

/s/ John R. McDowall
John R. McDowall, WSBA #25128

ADVERSARY COMPLAINT – 8

Fikso Kretschmer Smith Dixon Ormseth PS
901 Fifth Ave, Suite 4000
Seattle, WA 98164
P: (206) 448-1818 | F: (206) 448-3444